IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ISAAC HUGHES, | ) |
|           Plaintiff, | ) |
| vs. | ) Case No. 18-03097-CV-S-ODS |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
|           Defendant. | ) |

<u>ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for supplemental security income. As set forth below, the Commissioner's decision is reversed and remanded for further proceedings.

(1) The record establishes Plaintiff has a history of substance and alcohol use. As set forth by the Administrative Law Judge ("ALJ"), "[i]f it is found that the claimant is disabled and there is medical evidence of a substance use disorders [sic], the undersigned must determine if the substance use disorders [sic] is a contributing factor material to the determination of disability." R. at 17. "In making this determination, the [ALJ] must evaluate the extent to which the claimant's mental and physical limitations would remain if the claimant stopped the substance use." *Id.*; *see also* 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).

The "key factor" the ALJ examines when making this determination is "whether [the ALJ] would still find [the claimant] disabled if [the claimant] stopped using drugs or alcohol." *Id.* § 416.935(b)(1). The ALJ evaluates which of the claimant's "current physical and mental limitations...would remain if [the claimant] stopped using drugs or alcohol," and the ALJ then determines whether any or all of the claimant's remaining limitations are disabling. *Id.* § 406.935(b)(2). If the remaining limitations are not disabling, the drug addiction or alcoholism is considered a contributing factor material to the termination of disability, and "the claimant's application must be denied."

*Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003) (citing 42 U.S.C. § 423(d)(2)(C) and 20 C.F.R § 404.1535). "If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow." *Id.*

The ALJ determined Plaintiff had the following severe impairments: attention-deficit hyperactivity disorder; an affective disorder (diagnosed as depression, major depressive disorder, substance-induced mood disorder, bipolar disorder, and schizoaffective disorder – bipolar type); an anxiety disorder (diagnosed as generalized anxiety disorder and anxiety); post-traumatic stress disorder; and polysubstance abuse disorder. R. at 17-18. The ALJ concluded Plaintiff's mental impairments, including the substance use disorders, met Listing 12.04. R. at 18-20. However, if Plaintiff stopped using substances, the ALJ found Plaintiff would not be disabled. R. at 21-24.

The Court concludes the ALJ's finding (that Plaintiff's substance use is material to the finding of disability) is not supported by substantial evidence in the record. The record contains evidence that Plaintiff, even when abstaining from substances, continued to have significant limitations. Furthermore, the ALJ, when determining Plaintiff's impairments are marked to extreme, cited to portions of the record during which Plaintiff was sober. Then, when supporting his conclusion that Plaintiff's substance use is material and he is not disabled, the ALJ cited to several of the same records. *Compare* R. at 19-20 *with* R. at 21-22. As such, this Court cannot determine with certainty why the ALJ found Plaintiff met the requirements of Listing 12.04, and why the ALJ also concluded Plaintiff's substance use was material to the finding of disability. *See Pettit v. Apfel*, 218 F.3d 901, 903-04 (8th Cir. 2000) (remanding the matter, and directing the ALJ to "address more specifically" the claimant's claim that he is disabled, but also recognizing the claimant has the burden of showing his alcoholism is not material to his disability).

Upon remand, the ALJ must further develop the record with regard to whether Plaintiff's substance use is a contributing factor material to the determination of disability. To the extent the ALJ concludes Plaintiff's substance use is material to the

2

determination of disability, that conclusion must be based upon Plaintiff's impairments absent substance use, and must be supported by substantial evidence in the record.

(2) The ALJ gave "less than substantial weight" to the opinion of Plaintiff's treating psychiatrist, Dr. Gunda. R. at 24. The ALJ discounted Dr. Gunda's opinion because "it is unclear whether his opinion regarding the claimant's abilities takes into consideration the claimant's significant use of illicit substances, and thus provides little insight into his abilities if the substance use [was] stopped." *Id*. But the Medical Source Statement specifies it contains Dr. Gunda's "professional opinion of the claimant's limitations. If drug addiction and/or alcohol is a diagnosis, **this statement sets forth the limitation remaining if the claimant stopped doing drugs and/or alcohol**." R. at 1000 (emphasis added).

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2). Upon remand, the ALJ must provide good reasons, supported by evidence in the record, explaining the weight afforded Dr. Gunda's opinions.

IT IS SO ORDERED.

DATE: December 24, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT